UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SULLIVAN JAMES**<br>     DOC #397407 | : | **CIVIL ACTION NO. 14-cv-3365**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **KEITH COOLEY, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Sullivan James (hereinafter "James"), an inmate in the custody of Louisiana's Department of Public Safety and Corrections (hereinafter "LDOC"). He is incarcerated at Allen Correctional Center (hereinafter "ACC") in Kinder, Louisiana. James names ACC Warden Keith Cooley; ACC Assistant Warden Anthony Allemand; ACC Officer Krystle Simon; GEO Group, Inc.; and LDOC Secretary James LeBlanc as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

### I.
#### BACKGROUND

On January 13, 2014, James was found guilty by the prison disciplinary board of a Section B, Rule 21 violation: aggravated sex offense by masturbation. Doc. 1, att. 1, p. 3. He was sentenced to ninety days in administrative segregation and eighty-four days loss of canteen privileges. *Id.*

After completing the sanctions but before returning to the inmate population, James was told by the segregation unit review board that he had to agree to wear a red and white stripped jumpsuit for thirty days and be placed on a special tier for six months.  *Id.*  James contends that the addition of the jumpsuit and special tier sanctions violated LDOC's policy that only two sanctions can be imposed per rule violation, subjecting him to cruel and unusual punishment in violation of the Eighth Amendment as well as double jeopardy.  *Id.* at pp. 4-5.  James also states that his contact visitation privileges were taken away or limited for an additional six months.  *Id.* at pp. 3-5; doc. 1, att. 2, p. 9.  He alleges that defendant Allemand and defendant Simon were responsible for the additional sanctions.  Doc. 1, att. 1, p. 5.

James contends that having to wear the red and white jumpsuit and being placed in the special tier was an act of discrimination in violation of his Fourteenth Amendment rights.  *Id.* at p. 7.  He maintains that only Rule 21 (masturbation) violators are subjected to the additional sanctions.  *Id.*  He maintains that inmates convicted of the other types of Rule 21 violations are not forced to wear the jumpsuit or be housed on a special tier.  *Id.*  James claims that defendants Allemand, Cooley, and Simon, are "biased" towards Rule 21 (masturbation) violators and would prevent him from enrolling in rehabilitation programs, getting a job on the prison compound, or being placed on the trustee/work release boards.  *Id.*

On July 21, 2014, James filed a grievance addressing this matter.  Doc. 1, att.2, pp. 1-3.  He attached a second step grievance response from the LDOC dated October 6, 2014, which stated in part, "the Red and White jumpsuit is not a sanction, but a Standard Operating Procedure and the placement of offenders on Jupiter B-1 and B-2 is a housing assignment not a punitive sanction.  Lastly, Department Regulation No. C-02-008 states that visitation is a privilege, not a right."  *Id.* at p. 7.

As relief for the above, James asks for declaratory and injunctive relief as well as compensatory and punitive damages.  Doc. 1, att. 1, p. 9.

## II.
### LAW AND ANALYSIS

#### A. *Frivolity Review*

James has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Doc. 9.  Under 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii), a district court is directed to dismiss an action if the court determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). In determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

#### B. *Equal Protection/Discrimination*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). James has not demonstrated the violation of a right guaranteed by the Constitution or laws of the United States.  He states that the defendants discriminated against him because he was convicted

of masturbation in violation of a disciplinary rule. Such claims arise, if at all, under the Equal Protection Clause of the Fourteenth Amendment.

Equal protection challenges raised by prisoners must be scrutinized in such a way as to ensure that prison officials are afforded the necessary latitude and discretion to operate their facilities in a safe and secure manner. Thus, even arguably disparate treatment which is nonetheless reasonably related to legitimate penological interests may survive in the face of a Fourteenth Amendment Equal Protection challenge. *Heller v. Doe*, 509 U.S. 312, 319–20 (1993). This is so because federal courts cannot disregard the special difficulties that arise in the prison context and must accord great deference to the decisions of prison administrators who are charged with making difficult judgments concerning prison operations. In short, prisoners do not retain constitutional rights that are inconsistent with the legitimate penological objectives of the correction system. *Smith v. Bingham*, 914 F.2d 740, 742 (5th Cir. 1990).

Further, the Equal Protection Clause directs that persons similarly situated should be treated alike. *Plyler v. Doe*, 457 U.S. 202, 216 (1982). James is not claiming that he is treated differently than others convicted of violating Rule 21(masturbation). Rather, he claims that he is treated differently than inmates convicted of different infractions of Rule 21. This comparison fails to implicate the Equal Protection Clause.

### C. *Eighth Amendment Violation/Cruel and Unusual Punishment*

Eighth Amendment violations, as alleged by James, embody both a subjective and an objective component. The objective requirement necessitates that the inmate allege a sufficiently serious deprivation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "Only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

The subjective component requires that a prison official act with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official's culpability is measured by deliberate indifference which is defined as knowing and disregarding an excessive risk to inmate health or safety. *Farmer,* 511 U.S. at 837. Deliberate indifference is established by showing that the defendant officials were "aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and that they actually drew an inference that such potential for harm existed." *Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001)(quoting, *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998)). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a § 1983 claim. *Farmer,* 511 U.S. at 835 ("deliberate indifference entails something more than mere negligence...").

The claims herein, having to wear a jumpsuit and assignment to a special tier do not show that James was denied the minimal civilized measure of life's necessities such that they amounted to a cruel and unusual punishment.

### D. Double Jeopardy

James bases his Fifth Amendment double jeopardy claim on the "cumulative confinement and excessive cumulative sanctions" of having to wear the red and white stripped jumpsuit, being placed on a special tier for six months, and the loss/limitation of his contact visitation privileges for an additional six months. Doc. 1, att. 1, p. 3. In sum, James contends that he was unconstitutionally punished twice for the same offense.

This claim is without merit as prison discipline falls outside the scope of double jeopardy. *See United States v. Galan*, 82 F.3d 639, 640 (5th Cir. 1996).

### E. *Supervisory Liability*

James has not stated sustainable claims against GEO Group, Inc., Warden Cooley, or DOC Secretary LeBlanc. It is clear that these parties are named in their supervisory capacities. It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

## III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that James's civil rights complaint be **DISMISSED WITH PREJUDICE** as his claims are frivolous and fail to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

**following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 22nd day of October, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE